UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **ED CV 25-2352 FMO (SPx)** | Date | **September 24, 2025** |
|---|---|---|---|
| Title | **Nolita Sephira Graefin von Matuschka v. Marella, LLC, et al.** | | |

| Present: The Honorable | Fernando M. Olguin, United States District Judge | |
|---|---|---|
| Vanessa Figueroa | None | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorney Present for Plaintiff: | Attorney Present for Defendants: |
|---|---|
| None Present | None Present |

**Proceedings:**   (In Chambers) Order to Show Cause Re: Subject Matter Jurisdiction and Personal Jurisdiction

On September 8, 2025, plaintiff, proceeding pro se, filed a Complaint asserting various state law claims against defendants Marella, LLC and Euro-Caribbean Trustees Ltd. ("defendants"). (See Dkt. 1, Complaint at 2-3). Plaintiff alleges that the court has subject matter jurisdiction on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332, (see id. at 1), but having reviewed the Complaint, the court finds that plaintiff's jurisdictional allegations are deficient to establish diversity jurisdiction. First, the Complaint fails to allege the citizenship of some or all of the parties. The Complaint sets forth the residence, rather than the citizenship, of some of the parties.

Moreover, plaintiff has failed to adequately allege the citizenship of Marella, LLC. The citizenship of each of the entity's partners or members must be alleged. See Grupo Dataflux v. Atlas Global Grp., L.P., 541 U.S. 567, 569, 124 S.Ct. 1920, 1923 (2004) ("[A] partnership . . . is a citizen of each State or foreign country of which any of its partners is a citizen."); Carden v. Arkoma Assocs., 494 U.S. 185, 195, 110 S.Ct. 1015, 1021 (1990) (diversity jurisdiction depends on the citizenship of all members of an artificial entity); Johnson v. Columbia Props. Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006) ("[A]n unincorporated association such as a partnership has the citizenships of all of its members.").

Plaintiff also alleges that personal jurisdiction is proper because defendants "purposefully directed business activities into the United States via an online platform, including soliciting and transacting with Plaintiff in California." (Dkt. 1, Complaint at 2). Plaintiff does not allege any specific contacts between defendants and the state of California, nor does plaintiff allege how its causes of action arise out of or relate to those contacts. (See, generally, Dkt. 1, Complaint); see, e.g., Mission Trading Co., Inc. v. Lewis, 2016 WL 6679556, *3 (N.D. Cal. 2016) (maintenance of a passive website, alone, cannot satisfy specific jurisdiction).

Based on the foregoing, IT IS ORDERED THAT:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **ED CV 25-2352 FMO (SPx)** | Date | **September 24, 2025** |
|---|---|---|---|
| Title | **Nolita Sephira Graefin von Matuschka v. Marella, LLC, et al.** | | |

    1.  No later than **October 7, 2025**, plaintiff shall file a First Amended Complaint demonstrating the court's subject matter jurisdiction and personal jurisdiction over each defendant. The Order to Show Cause will stand submitted upon the filing of a First Amended Complaint that addresses the issues raised in this Order on or before the date indicated above.

    2.  Plaintiff is cautioned that failure to timely file a First Amended Complaint may result in this action being dismissed without prejudice for failure to prosecute and/or failure to comply with a court order.  See Fed. R. Civ. P. 41(b); Link v. Wabash R.R. Co., 370 U.S. 626, 629-30, 82 S.Ct. 1386, 1388 (1962).

                                                                                                                                                                                                                                                                                                         00  :  00

                                         Initials of Preparer          vdr