

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

NOLITA SEPHIRA GRAEFIN VON MATUSCHKA,

              Plaintiff,

        v.

MARELLA, LLC, et al.,

              Defendants.

)
)
)
)
)
)
)
)
)
)
)
)

Case No. ED CV 25-2352 FMO (SPx)

**ORDER DISMISSING ACTION WITHOUT PREJUDICE**

Plaintiff filed her First Amended Complaint ("FAC") on November 10, 2025. (See Dkt. 10, FAC). By Order dated December 2, 2025, plaintiff was ordered to show cause, on or before December 9, 2025, why this action should not be dismissed for plaintiff's failure to complete service of the summons and complaint as required by Rule 4(m) of the Federal Rules of Civil Procedure. (See Dkt. 11, Court's Order of December 2, 2025). Plaintiff was admonished that "[f]ailure to file a timely response to th[e] Order to Show Cause shall result in the action or the above defendant(s) being dismissed for lack of prosecution and for failure to comply with the orders of the court." (Id.) (citing Local Rule 41).

After the court's initial order to show cause, the court granted plaintiff an extension of time to effectuate service. (See Dkt. 12, Court's Order of December 19, 2025) (extending service deadline to January 13, 2026). The court's Order stated that "[t]he court will grant plaintiff one final opportunity to file a response to the court's Order to Show Cause. . . . Plaintiff is cautioned that failure to timely file a response shall result in this action or any unserved defendant being

dismissed without prejudice for failure to prosecute and/or failure to comply with a court order." (Id.).  As of the filing date of this Order, plaintiff has not filed any proofs of service of the summons and complaint on either defendant.  (See, generally, Dkt.).

Rule 4(m) of the Federal Rules of Civil Procedure provides that a court, on its own initiative, "must dismiss the action without prejudice" if service is not effected "within 90 days after the complaint is filed[.]"  In addition, a district court may dismiss an action for failure to prosecute or to comply with court orders.  Fed. R. Civ. P. 41(b); Link v. Wabash R.R. Co., 370 U.S. 626, 629-31, 82 S.Ct. 1386, 1388-89 (1962) (authority to dismiss for failure to prosecute necessary to avoid undue delay in disposing of cases and congestion in court calendars); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir.), cert. denied, 506 U.S. 915, 113 S.Ct. 321 (1992) (district court may dismiss action for failure to comply with any court order).  Dismissal, however, is a severe penalty and should be imposed only after consideration of the relevant factors in favor of and against this extreme remedy.  Thompson v. Housing Auth. of Los Angeles, 782 F.2d 829, 831 (9th Cir. 1986).  These factors include:  (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.  Id.; Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986).

Pursuant to Rules 4(m) and 41(b), the court's inherent power to achieve the orderly and expeditious disposition of cases, see Link, 370 U.S. at 629-30, 82 S.Ct. at 1388, and the factors outlined in Henderson, 779 F.2d at 1423, the court finds that plaintiff's failure to timely effect service and comply with the court's orders issued on December 2, 2025 (Dkt. 11) and December 19, 2025 (Dkt. 12), warrants dismissal of this action without prejudice.

Based on the foregoing, IT IS ORDERED THAT judgment be entered dismissing this action, without prejudice, for failure to effect service and comply with the orders of the court.

Dated this 26th day of January, 2026.

/s/
Fernando M. Olguin
United States District Judge

2